CALDWELL, HUNTER & Co. *v.* WASHINGTON DAWSON.

**Pleadings—Amended Petition—Limitation.**
>Limitation does not run against an amended petition which only supplies a defect in the original, as the orginal was not barred by time.

**New Trial.**
>A new trial should be granted where the verdict greatly exceeds the amount justly receivable.

APPEAL FROM HARDIN CIRCUIT COURT.

June 14, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The original petition on the written contracts embraced also the extra coal not stipulated for in them, and sought judgment for all the coal delivered. But, as that petition contained no allegation of a contract as to the surplus coal delivered and sued for, or of the value of it rendered an implied contract, this court decided that, on that petition as so framed, no judgment for more than 100,000 bushels covenanted for could be sustained. The subsequent amendment only supplied that defect, and thereby made the original petition good for all the coal which had been delivered. The original petition was the commencement of the action for all the coal, as well the surplus as the covenant coal, and, in no sense, was the filing of the amendment charging the value of the surplus coal the institution of a new suit. As time did not bar the original, it does not bar the amended petition.

There was therefore no error in striking from the answer the plea of limitation, which was contradicted by the record. But

the Circuit Court erred in over-ruling the motion for a new trial on the ground that, according to any rational deduction from the testimony, the verdict was excessive.

Measured at the place of delivery, and by the standard prescribed by the former opinion of this court, the quantity of coal delivered beyond the written contracts could not, according to any allowable deduction, amount in value to half the amount of the verdict. And it is quite clear that, even if interest had been allowed by the jury, their verdict greatly exceeds the amount justly recoverable on any consistent hypothesis.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.